IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA D. MCGRIFF, | § | |
| | § | |
| Defendant Below, | § | No. 480, 2023 |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2005005295 (N) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: June 28, 2024
Decided:    August 12, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Joshua D. McGriff, filed this appeal from a Superior Court opinion denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1]  For the reasons discussed below, we affirm the Superior Court's judgment.

(2)    As summarized by the Superior Court, the events leading to McGriff's arrest and convictions are as follows:

---

[1] *State v. McGriff*, 2023 WL 8447210 (Del. Super. Ct. Dec. 5, 2023).

On May 19, 2020, seventeen-year-old Mitchell Gardner ("Gardner") was walking to his job at McDonald's when he was approached by McGriff who called him pretty and asked for his phone number. When Gardner refused, McGriff grabbed him and dragged him back into an alleyway where he began punching and hitting him while ordering him to be quiet. In the process of being beaten, Gardner gave McGriff money and offered to perform a sexual act on McGriff in an attempt to escape. McGriff continued to punch, hit, and kick Gardner until he ended up on the ground. While Gardner was on the ground, McGriff pulled down Gardner's pants and underwear and began to touch his rear while Gardner panicked and cried. The police arrived shortly thereafter and arrested McGriff….Surveillance video caught the assault on tape….McGriff was identified by his own identification card pulled from his pants pocket and his cellphone was later seized by police.[2]

(3)    On November 18, 2021, a Superior Court jury found McGriff guilty of two counts of attempted first-degree rape, two counts of first-degree kidnapping, and one count of third-degree assault. The jury found McGriff not guilty of theft. McGriff's trial counsel filed a motion for judgment of acquittal on the first-degree kidnapping charges, which the State did not oppose. The Superior Court granted the motion.

(4)    For sentencing purposes, the Superior Court merged McGriff's attempted first-degree rape convictions. The Superior Court then sentenced McGriff to fifty-one years of Level V incarceration, suspended after thirty-six years for two

---

[2] *Id.* at 1 (citations omitted). Mitchell Gardner is a pseudonym assigned by the Court on direct appeal. *McGriff v. State*, 2023 WL 600118, at *1 n.1 (Del. Jan. 27, 2023).

years of Level III probation. On direct appeal, this Court affirmed the Superior Court's judgment.[3]

(5) On February 21, 2023, McGriff filed a motion for postconviction relief under Superior Court Criminal Rule 61. McGriff alleged that: his arrest was illegal; the indictment was multiplicitous in violation of the Double Jeopardy Clause; his right to a speedy trial was violated; evidence from his cell phone should have been suppressed; and there was newly discovered evidence. He also alleged that his trial counsel and appellate counsel were ineffective.

(6) On February 28, 2023, McGriff filed a motion for appointment of counsel, which the Superior Court granted. On October 2, 2023, postconviction counsel filed a motion to withdraw, advising that he could not ethically advocate for the claims presented or any other possible claim.

(7) On December 5, 2023, the Superior Court denied McGriff's motion for postconviction relief and granted postconviction counsel's motion to withdraw.[4] The Superior Court held that the claims unrelated to ineffective assistance were procedurally barred or without merit. As to the claims of ineffective assistance of counsel, the Superior Court concluded that McGriff had failed to show that his

---

[3] *McGriff*, 2023 WL 600118.

[4] *McGriff*, 2023 WL 8447210, at *6.

3

attorneys' performances were objectively unreasonable or that the outcome of the trial would have been different but for their alleged errors. This appeal followed.

(8) On appeal, McGriff repeats the claims that he raised in the Superior Court. We review the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[5] We review constitutional claims, including claims of ineffective assistance, *de novo*.[6] Before considering the merits of any underlying claims for postconviction relief, the Court applies the procedural requirements of Rule 61.[7]

(9) Rule 61(i)(4) bars consideration of any ground for relief that was previously adjudicated. On direct appeal, this Court addressed and rejected McGriff's claims that his arrest was illegal, the indictment was multiplicitous, his right to a speedy trial was violated, and evidence from his cell phone should have been suppressed.[8] Because these claims were previously adjudicated, Rule 61(i)(4) bars reconsideration of them.

(10) Rule 61(i)(4) does not apply to a claim that the Superior Court lacked jurisdiction or a claim that satisfies the requirements of Rule 61(d)(2)(i) (a movant

---

[5] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

[6] *Id.*

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] *McGriff*, 2023 WL 600118, at *2-4.

pleads with particularity new evidence creating a strong inference of actual innocence) or 61(d)(2)(ii) (a movant pleads with particularity a new rule of constitutional law, made retroactive to cases on collateral review, that renders the convictions invalid).[9]  McGriff has claimed that there is newly discovered evidence—that one of the arresting officers planted evidence in a different case and that McGriff's property receipt from prison shows that he did not have the clothing the eyewitnesses and police said Gardner's attacker was wearing.  As the Superior Court correctly recognized, these claims do not constitute newly discovered evidence creating a strong inference of McGriff's actual innocence in light of the overwhelming evidence of McGriff's guilt presented at trial.  This evidence included surveillance footage of McGriff attacking Gardner, an eyewitness who identified McGriff as Gardner's attacker, and multiple police officers who testified that they found McGriff with Gardner, who was crying, bleeding from the mouth, and had his pants pulled down.

(11)  The procedural bars of Rule 61 do not bar a timely claim of ineffective assistance of counsel.[10]  To prevail on such a claim, a defendant must demonstrate that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable

---

[9] Super. Ct. Crim. R. 61(i)(5).

[10] *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).

probability that the outcome of the proceedings would have been different.[11] There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[12]

(12) McGriff argues that his trial counsel failed to subject the prosecution to meaningful adversarial testing and failed to provide him with actual assistance in violation of *United States v. Cronic*,[13] which prejudiced him. Under *Cronic*, a defendant does not have to demonstrate prejudice as required by *Strickland* when he "is completely denied counsel at a critical stage of the judicial proceedings."[14] The record refutes McGriff's claim that his trial counsel was ineffective.

(13) Trial counsel had little to work with in defending McGriff given the video footage, the testimony concerning the attack, and what the officers witnessed at the time of McGriff's arrest. McGriff has listed several items trial counsel allegedly failed to do, namely: investigate leads he provided (which he does not identify), obtain relevant information in his possession (which he does not identify), or subpoena alibi witnesses (whom he fails to identify). McGriff does not explain how any of these items would have assisted his defense.

---

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[12] *Id.* at 689.

[13] 466 U.S. 648 (1984).

[14] *Urquhart v. State*, 203 A.3d 719, 727 (Del. Jan. 24, 2019). *See also Cronic*, 466 U.S. at 658-59.

6

(14) McGriff also complains that his trial counsel failed to file any pretrial motions, but his trial counsel's refusal to file meritless motions was not unreasonable.[15] McGriff's trial counsel cross-examined each of the State's witnesses, obtained a not guilty verdict on one of the charges, and successfully sought a directed verdict on the kidnapping charges. McGriff has not shown that he was deprived of counsel at a critical stage of the proceedings or that his trial counsel's representation fell below an objective standard of reasonableness. Nor has he shown a reasonable probability that the outcome of his trial would have been different given the overwhelming evidence of his guilt. McGriff's contention that his appellate counsel was ineffective for filing a motion to withdraw and non-merit brief under Supreme Court Rule 26(c) is also without merit.[16] The Superior Court did not err in denying McGriff's motion for postconviction relief.

---

[15] McGriff filed pro se motions to dismiss the indictment and for a *Franks* hearing, which his trial counsel had refused to file. The Superior Court denied the motions.

[16] *See* Del. Supr. Ct. R. 26(c) (authorizing an attorney, who concludes that an appeal is wholly without merit after a conscientious examination of the record and the law, to file a motion to withdraw and non-merit brief); *Loper v. State*, 2020 WL 2843516, at *3 (Del. June 1, 2020) (rejecting claim that the defendant's appellate counsel was ineffective for filing a motion to withdraw and non-merit brief under Rule 26(c)).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice